DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 162 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Ronald Lucas, | ) | SECTION 3553(a) |
| Defendant. | ) | |

I. Introduction

The Court conducted the sentencing hearing of the defendant Ronald Lucas. The Court determined that the defendant's total offense level was 27 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of 70 to 87 months.[1] At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 84 months with supervised release for a period of five years.

II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

---

[1] The defendant was subject to a mandatory minimum sentence of 120 months because the defendant entered a plea of guilty to conspiracy involving at least 15 kilograms, but less than 50 kilograms of cocaine. The Court determined that the defendant was entitled to the safety valve relief and the government filed a motion for a downward departure of two levels for substantial assistance and the Court granted the motion, thereby eliminating the requirement that the Court impose a sentence of 120 months. As a consequence, the offense level was reduced to 27 and with a criminal history category I, the sentencing range was reduced to 70 to 87 months.

(1:06 CR 162)

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

> According to the Indictment, the Plea Agreement and information provided by the government, the following is known regarding this offense:
>
> In July 2003, various law enforcement agencies began to initiate an investigation into the drug dealing activities of the Ronald Dede Drug Trafficking Organization (DTO), after receiving information that Dede was a Los Angeles based supplier of cocaine distributing cocaine in Stark County, Ohio.
>
> Authorization for Title III telephone taps was granted on numerous telephones and, during the course of the telephone taps, a number of drug related telephone calls between Ronald Lucas and the supplier, Ronald Dede were intercepted.
>
> During the course of these conversations, they discussed the possibility of Lucas purchasing as many as 30 kilograms quantities of cocaine purchased by his biggest customers in the previous shipment. Upon Dede's arrest, a drug record was found in his wallet that listed the quantities of cocaine purchased by his biggest customers in the previous shipment and "R-13-260,000" was found on that paper.
>
> Based on the intercepted conversations and proffers of co-conspirators, it was determined that the entry referred to the defendant receiving 13 kilograms from the previous shipments. On March 9, 2006, search warrants and arrests were made when agents determined that a new shipment of cocaine had arrived and the monies owed from the last shipment collected.

2

(1:06 CR 162)

> A search of Lucas' residence resulted in the seizure of $27,000 in cash, multiple firearms and a number of records reflecting bank accounts which contained approximately $175,000 and real estate. Between the time of the search and the obtaining seizure warrants for the bank accounts, Lucas attempted to hide the monies by transferring it into accounts in his sister's name.  Tax returns were recovered reflecting no income in tax years 2002 and 2003 and only $1,000 in income in 2004.

(copy from parAgraphs 14-19 (single space). Copy from CONFIDENTIAL SECTION OF history and characteristics of defendant (double space).

The defendant's acceptance of responsibility is set forth in paragraph 22 of the presentence report as follows:

> On October 18, 2006, the defendant was interviewed, in the presence of counsel, and provided the following statement, which is included verbatim:
>
> "I would like to apologize to all the federal agents.  I have accepted full responsibility for all my act's [sic].  I would also like to apologize to my family.  I am really imbarased [sic] for my act's [sic] deeply from my heart.  These act's [sic] that I haved [sic] caused me and my family that were [sic] going threw [sic] right now.  I am so really sorry they will never happen again."

The defendant is 42.  He is a high school graduate.  He is one of five children born to his parents.  The defendant never married but reports having one daughter, age 15, who has resided with the defendant since age one.  The defendant reports that he is under medical care for high blood pressure.  He reports a history of marijuana, cocaine and crack cocaine.  The defendant has been self-employed since 1991 operating a home improvement business.  He also is heavily involved in real estate with his sister indicating that they buy, sell and build homes as well as operate rental properties.  The defendant reports $3,600 per month in rental income and he

3

(1:06 CR 162)

completed a net worth statement indicating a value of $1,250,800.00. However, the Court doubts the value because the defendant claims that the cash value of his life insurance of $900,000.00. The Court suspects that the face value of his life insurance is $900,000.00 rather than the cash value. The defendant has agreed to a forfeiture of four properties, a 2003 Range Rover and $166 in currency.

### (2) The Need for the Sentence Imposed

#### (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

Interstate trafficking in cocaine is a serious offense requiring a substantial sentence in order to promote respect for the law and provide just punishment.

#### (B) to afford adequate deterrence to criminal conduct;

It is hopeful that the sentence imposed on this defendant for 84 months will have an impact on the citizens in the greater Canton area given the fact that the defendant has been a successful businessman. In the face of that success, the defendant's sentence should provide a message to the members of the greater Canton area who know the defendant, his success in business, and nevertheless recognize that the defendant is being seriously punished for his conduct in this case and thus, provide adequate deterrence to criminal conduct.

#### (C) to protect the public from further crimes of the defendant;

The defendant will be in his early 50's when he is released from confinement. He will have paid a significant penalty for his conduct including the forfeiture of a number of the rental properties that he acquired, presumably in part from the success he enjoyed in cocaine

(1:06 CR 162)

trafficking. The Court is of the view that the sentence of 84 months will protect the public from further crimes of the defendant.

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The major value that the defendant may achieve during his incarceration is to be free from his drug habit upon release. The Court will recommend that he be given the opportunity to participate in drug rehabilitation. Additionally, the Court is of the view that the defendant will use both the educational and employment opportunities while incarcerated given the fact that the defendant has demonstrated business energy prior to his conviction.

<u>III.  Consideration of the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a)(6)</u>

The indictment in this case names the following defendants:

1. Ronald Dede
2. Craig Dawson
3. Oswaldo Sanchez
4. Hakim Malek Ali
5. Letricia Epps
6. Ronald Lucas
7. Rodney Petties
8. Charles Petties
9. Walter Dennis, Jr.
10. David Mayberry
11. Portia Dennis

At this point, in the sentencing process the Court has sentenced the following defendants to the following terms of imprisonment after finding, with respect to each defendant, the offense level and the criminal history:

5

(1:06 CR 162)

1. Craig Dawson - Offense level 34 with a criminal history category of I calling for a sentencing range of 151 months to 188 months with an imposed sentence of 151 months imprisonment with five years supervised release.

2. Letricia Epps - Offense level 31 with a criminal history category of III calling for a sentencing range of 135 to 168 months with an imposed sentence of 135 months imprisonment with five years supervised release.

3. Ronald Petties - Offense level 31 with a criminal history category of I calling for a sentencing range of 120 to 135 months with an imposed sentence of 124 months imprisonment with five years supervised release.

4. Charles Petties - Offense level 23 with a criminal history category of II calling for a sentencing range of 51 to 63 months with an imposed sentence of 63 months imprisonment with four years supervised release.

5. David Mayberry - Offense level 26 with a criminal history category of I calling for a sentence range of 63 to 78 months with an imposed sentence of 70 months imprisonment with four years supervised release.

The following defendants have not been sentenced:

1. Ronald Dede

2. Oswaldo Sanchez (Fugitive)

3. Walter Dennis

4. Portia Dennis

5. Hakim Malik Ali

### III. Conclusion

For the reasons set forth herein, a sentence of 84 months with supervised release for five

(1:06 CR 162)

years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

    IT IS SO ORDERED.

| | |
|---|---|
| December 5, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |